| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| 2.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: **(a) information prohibited from disclosure by statute;** . . . . | Plaintiff proposes sticking with the Model Order's language in paragraph 2(a). | 2.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: **(a) information protected from disclosure by statute, including the Illinois Freedom or Information Act (FOIA), 5 ILCS 140/1, et seq.; . . .** | I adopt the defendants' proposal. As I understand it, this case involves information that statutorily protects information from disclosure but does not necessarily prohibit disclosure for individuals who follow certain procedures. As I explained during a prior hearing, this case is not an opportunity to bypass appropriate channels to obtain information for public disclosure. |
| | Defendants' proposed softening of the Model Order's language "prohibited from disclosure" to "protected from disclosure" is unnecessary, ambiguous, and risks improper over-designation of non-confidential documents that are not prohibited from disclosure. | The proposed language is not ambiguous and does not risk improper over-designation, because it adds reference to a specific statute that identifies specific standards listed within it.  Thus, it should have the opposite effect of what Plaintiff suggests. | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| This additional category of confidential information does not appear in Model Order paragraph 2 | 2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: **. . . (h) Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence" (EO) files, or "Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department** | 2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: **…(i) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute: Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence" (EO) files, or** | I adopt the defendants' proposal, which is consistent with my prior ruling [85]. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | **"Summary Punishment Action Requests" (SPARs), as appropriate.**<br><br>Plaintiff proposes this language to effectuate the Court's order at Dkt. 85 that the protective order allow Defendants to designate "CRs[] as confidential under the protective order as appropriate." | **"Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department "Summary Punishment Action Requests" (SPARs).**<br><br>Defendants' proposal is already in compliance with the Court's recent order at Dkt. 85. | |
| These additional categories of confidential information do not appear in Model Order paragraph 2 | 2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: … (g) personnel or employment records of a person who is not a party to the case; **(i) personnel files of parties; (j) information in employment records reflecting the names of any family members, or** | 2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: … (g) personnel or employment records of a person who is not a party to the case; **(h) employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs,** | I adopt the defendants' proposal. I am sensitive to the need to protect such information at this stage of the litigation and prefer to err on the side of caution. The plaintiff is free to raise this issue should the defendants' over-designate materials. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | **insurance beneficiaries, of the parties; (k) phone numbers or residential addresses of witnesses, complainants, third parties, or parties.**<br><br>Plaintiff's proposed language covers all remaining documents Defendants have requested to maintain confidential, while avoiding broad, ambiguous language that allows unbounded discretion in labeling documents confidential, defeats the Model Order's carefully circumscribed categories, risks improper over-designation of non-confidential documents, and will lead to unnecessary disputes. Defendants' proposed definition is so vague and undefined that it includes "other information that is of a sensitive or non-public nature" and would amount to no definition for confidential information at all. | **defendants, non-party witnesses, and non-party employees of the City of Chicago. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of police officers and state's attorneys, including residential information.**<br><br>This language has governed in many other cases without incident and Plaintiff's counsel in these other cases has never complained or disputed any designations under this category nor has Plaintiff here provided an example, and there is not one Defendants can think of, where Defendants' proposed language resulted in any improper over-designation of nonconfidential documents. | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | | Defendants' language is actually specific and clear, providing very specific categories of confidential information, and Plaintiff's proposed language doesn't clarify anything any further. | |
| 15. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. | Plaintiff proposes sticking with Paragraph 15 of the Model Order (which is agreed to by all parties), as sufficient.<br><br>If the Court is inclined to add Defendants' proposed language at the end of Paragraph 2 regarding modifying the definition of confidential information, Plaintiff asks that the Court include the following, which is neutral and does not prejudice the issue in favor of either side:<br><br>**"The parties reserve the right to seek greater or lesser protection of information or documents designated as Confidential** | Defendants' proposed addition at the end of Paragraph 2: **"The parties reserve the right to seek greater protection of information or documents designated as Confidential Information through Court intervention or by agreement of the parties."**<br><br>Plaintiff's suggestion of adding "lesser" would be cumulative because there is already a provision that establishes a mechanism to challenge any designation as improper (which is what "lesser" means in this context).  Nonetheless, this language has governed in many other cases without incident.  *See, e.g., Iglesias v.* | I adopt the model protective order's language, which adequately addresses modification. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | **Information through Court intervention or by agreement of the parties."** | *Guevara,* 19-CV-6508, Dkt. 104; *Rodriguez v. Guevara,* 18-CV-7951, Dkt. 156. | |
| 3. Designation.<br><br>(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied **prior to or at the time of the documents are produced or disclosed.** . . . . | Plaintiff proposes sticking with the Model Order's language in paragraph 3(a). | 3. Designation.<br><br>A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or **as soon as practicable after** the documents are produced or disclosed. | I adopt the model protective order's language. Documents inadvertently produced without a designation have to be clawed back. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | Defendants' proposed deviation softening the time for designation to be the ambiguous "prior to or as soon as practicable after" production will leave receiving parties in limbo indefinitely as to whether documents have been designated confidential or not. Parties should know by the time of production whether they believe the information in their own documents is confidential or not. The Model Order language is clear, workable, and fair to all sides, and already provides a clawback provision in Paragraph 6 that addresses inadvertent failures to designate and that all parties agree to. | The proposed language is necessary to address the possibility that a party may discover that confidential documents were inadvertently produced in some other proceeding without a confidential designation. There also may be instances where documents were inadvertently produced without proper redactions (the parties sometimes produce thousands and thousands of pages at a time). If such an issue arises, and is addressed as soon as practicable, Defendants see no reason why this provision would cause prejudice to Plaintiff. *See Iglesias v. Guevara,* 19-CV-6508, Dkt. 104. | |
| 4. Depositions<br><br>Alternative A. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO | Plaintiff proposes sticking with the Model Order's language in paragraph 4. | 4. Depositions<br><br>Alternative A. Deposition testimony, **including exhibits,** is protected by this Order only if designated as "CONFIDENTIAL – | I adopt the model protective order's language because it provides a reasonable period during which parties must confirm their designations made on the record. I agree with the plaintiff that exhibits |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, to include any additional designations made during the review, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any | | SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony **or exhibits** so designated shall be treated as Confidential Information protected by this Order ~~until fourteen days after delivery of the transcript by the court reporter to any party or the witness~~. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the **additional** specific portions of the transcript that are designated Confidential Information, and thereafter those **additional** portions identified in the Notice of Designation shall **also** be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any | should have been marked prior to production but understand that parties may identify exhibits that were inadvertently produced without a designation during the deposition. If that happens, I expect the parties to treat the document as if it had been designated prior to production from that point forward. I also expect that testimony given concerning a designated document will also be treated as designated. Should a party review a transcript within the proscribed period and identify additional testimony that should have been designated, they may do so. (See changes made to proposed language.) |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court. | Defendants' deviations allow additional designations without prior notice at any time up through 14 days of any party's receipt and ordering of the transcript, whenever that occurs, and thus leave parties in limbo indefinitely as to whether or not deposition testimony is designated confidential or not. Exhibits are already covered pursuant to the provision designation of confidential documents. The Model Order language is clearer, more definite, workable, and fair to all parties. | designation of **additional** deposition testimony **or exhibits** as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.<br><br>Defendants' recollection is that the language in this section was added to address plaintiff's attorneys' concerns raised in other cases where they represented other plaintiffs a few years ago. Their concern, which Defendants' agreed was a fair concern, was that during depositions, sometimes the parties specifically request on the record that certain qualifying information be designated as confidential. On other occasions, when the parties receive and review the transcript, they may determine that certain information should have been designated as confidential but was inadvertently not so designated. Defendants' | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | | modifications still allows for agreed-upon confidential designations at the deposition, while also allowing a party to designate additional information as confidential that was inadvertently missed during the deposition within fourteen days of receipt of the transcript. | |
| 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:<br><br>(1) Counsel. Counsel for the parties and employees of | Plaintiff proposes sticking with the Model Order's language in paragraph 5(b)(1). | 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:<br><br>(1) Counsel. Counsel for the parties and employees of | I adopt the model protective order's language for the reasons articulated by the plaintiff. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| counsel who have responsibility for the action; | | counsel who have responsibility for **preparation and trial of** the action | |
| | Defendants' deviation is unnecessary, as "Responsibility for the action" already includes "responsibility for the preparation and trial of the action." Defendants have not offered any justification for departing from the Model Order's clear language, and the departure risks unnecessary disputes about the meaning of the change. | This language has governed in many other cases without incident and Plaintiff's counsel in these other cases has never complained or disputed any designations under this category nor has Plaintiff here provided an example, and there is not one Defendants can think of, where Defendants' proposed language resulted in any issues. Defendants' language is simply for specificity and adds clarity to the provision. *See, e.g., Rodriguez v. Guevara,* 18-CV-7951, Dkt. 156. | |
| 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. . . . | 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. . . . | 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. . . . | I adopt the agreed language. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| (2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; | (2) Parties. Individual parties and employees **and insurance carriers** of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed **or, in the case of insurance carriers, that the actual or alleged coverage or contract with the insurance carrier(s) pertains, may pertain, or allegedly pertains to the litigation**;<br><br>Plaintiff has agreed to Defendants' proposed modification of the Model Order's language in paragraph 5(b)(2), allowing insurers to review confidential material. | (2) Parties. Individual parties and employees **and insurance carriers** of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed **or, in the case of insurance carriers, that the actual or alleged coverage or contract with the insurance carrier(s) pertains, may pertain, or allegedly pertains to the litigation**;<br><br>Agreed. | |
| 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. . . . | Plaintiff proposes sticking with the Model Order's language in paragraph 5(b)(8). | 5. Protection of Confidential Material.<br><br>(b) Limited Third-Party Disclosures. . . . | I adopt the model protective order's language for the reasons articulated by the plaintiff. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| (8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and | Defendants' deviation is confusing and unnecessary, and also incorrectly suggests that only one person received a document in the course of the litigation. Defendants have not offered any justification for departing from the Model Order's clear language, and the departure risks unnecessary disputes about the significance of the change. | (8) Author or recipient. The author or recipient of the document (not including **the** person**(s)** who received the document in the course of **the** litigation); and<br><br>To address Plaintiff's concern, Defendants added "(s)" to "person." Nonetheless, this language has governed in many other cases without incident and Plaintiff's counsel in these other cases has never complained or disputed any designations under this category nor has Plaintiff here provided an example, and there is not one Defendants can think of, where Defendants' proposed language resulted in any issues. *See, e.g., Rodriguez v. Guevara,* 18-CV-7951, Dkt. 156. | |
| 5. Protection of Confidential Material. | 5. Protection of Confidential Material. | 5. Protection of Confidential Material. | I adopt the agreed language. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| (b) Limited Third-Party Disclosures. . . . | (b) Limited Third-Party Disclosures. . . .<br><br>**(9) Individuals interviewed in the course of litigation. Individuals interviewed as part of a party's investigation in this litigation for whom disclosure is reasonably necessary for the purpose of that investigation. The only Confidential Information that may be disclosed to these individuals is information that is reasonably necessary to disclose for the purpose of investigation in this litigation and such information may be disclosed only after such persons have completed the certification contained in Attachment B, Acknowledgement of Understanding and Agreement to Be Bound. Such individuals may not retain any copy, including but not limited to electronic** | (b) Limited Third-Party Disclosures. . . .<br><br>**(9) Individuals interviewed in the course of litigation. Individuals interviewed as part of a party's investigation in this litigation for whom disclosure is reasonably necessary for the purpose of that investigation. The only Confidential Information that may be disclosed to these individuals is information that is reasonably necessary to disclose for the purpose of investigation in this litigation and such information may be disclosed only after such persons have completed the certification contained in Attachment B, Acknowledgement of Understanding and Agreement to Be Bound. Such individuals may not retain any copy, including but not limited to electronic** | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | **or physical duplications, of any documents or other materials containing Confidential Information;**<br><br>Plaintiff agrees to, and supports Defendants' proposed modification of the Model Order's language in paragraph 5(b)(9), to allow individuals interviewed to review confidential material subject to the terms above. | **or physical duplications, of any documents or other materials containing Confidential Information;**<br><br>Agreed. | |
| No provision allowing redaction of personal identifying information. | Plaintiff does not agree to Defendants' proposed addition in Paragraph 6 allowing redaction of witness contact information.<br><br><br>Defendants' proposed redaction of social security numbers and dates of birth is prejudicial to Plaintiff, as it makes records unintelligible; maintains an asymmetrical advantage to the defense in | **6. Redaction of Personal Identifying Information. Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her** | I adopt the defendant's proposed language. In an abundance of caution, I think it appropriate to protect sensitive information. That said, I understand the plaintiff's concerns about redactions making materials unintelligible. If this becomes an issue, the parties should confer to try to resolve the matter. If necessary, either party may raise this issue with me. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | locating witnesses; and Plaintiff's historical experience is that information is not promptly provided even when requested repeatedly, including to date in this case (e.g., Dkt. 84 at 14), and requires Plaintiff to divulge his work product in describing to Defendants the information he needs. | **family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.**<br><br>This provision has been accepted by Courts over plaintiffs' objections in several cases already cited by Defendants in their Response to Plaintiff's Motion for Protective Order. *See* Dkt. 83, pp. 15-17. Nonetheless, Plaintiff's two examples that the City unilaterally keeps information to itself is from where Plaintiff asked for information from police documents in the investigative file. Yet, Plaintiff has had all unredacted police documents from the investigative file in his possession for years now, likely decades. The City does | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | | not redact documents to keep information for itself. | |
| No provision allowing redaction of juvenile contact information | **6. Redaction of Personal Identifying Information. Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery, for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.**<br><br>**However, as to information that a party claims is prohibited from disclosure by the Juvenile Court Act,** | **6. Redaction of Personal Identifying Information. Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery . . . information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.** | I adopt the defendants' proposed language. The Act states, "[a]ll juvenile law enforcement records which have not been expunged are confidential and may never be disclosed to the general public or otherwise made widely available," and then sets forth who may access the records and how. The clear import of the statute is to protect adjudicated juveniles through the limited dissemination of their information. The defendant's proposal provides greater protection than simply designating the material as confidential. If redactions make records unintelligible, I encourage the parties to confer to resolve it and, if unsuccessful, to bring the issue to me. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | **such information shall be marked confidential and shall not be redacted from documents produced by the parties.**<br><br>The Juvenile Justice Act does not provide a basis for the redactions, as state statutes do not limit disclosure of information in federal discovery, and the statute requires only that information covered by the statute be maintained pursuant to a confidentiality order, not redacted (705 ILCS 405/1-7(A)). Further, the Act only applies to juvenile offender information, and expressly omits juvenile witness and victim information. (705 ILCS 405/1-3(8.2.) (Juvenile Justice Act "does not include records identifying a juvenile as a victim, witness …"). | The Juvenile Court Act does not say the records must be maintained pursuant to a confidentiality order, but that they shall remain confidential (i.e. redacted even in confidential materials) "*may never be disclosed* to the general public or otherwise made widely available…" but that they "may be maintained only under [exceptions listed], when their use is needed for good cause and with an order from the juvenile court, as required by those not authorized to retain them."  705 ILCS 405/1-7. Plaintiff is a member of the general public.  Nonetheless, without the proposed paragraph, Defendants will have the undue burden of combing through records to determine that status of the | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | | minor (victim, witness, suspect, offender, whether s/he has been "investigated, arrested, or taken into custody before the minor's 18th birthday") *Id.* | |
| 11. Use of Confidential **Documents or** Information at Trial. Nothing in this Order shall be construed to affect the **use** of any document, material, or information at any trial or hearing. A party that intends to present or **that** anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. | Plaintiff proposes sticking with the Model Order's language in paragraph 11. | 11. Use of Confidential ~~Documents or~~ Information at Trial. Nothing in this Order shall be construed to affect the **admissibility** of any document, material, or information at any trial or hearing. A party that intends to present or **which** anticipates that another party may present Confidential **I**nformation at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. | I adopt the model protective order's language for the reasons articulated by the plaintiff. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | Defendants' proposed stylistic deviations are unnecessary and risk creating unnecessary disputes about the impact of the change from the Model Order's appropriate, fair terminology. | Once again, this language has governed in many other cases without incident and Plaintiff's counsel in these other cases has never complained or disputed any designations under this category nor has Plaintiff here provided an example, and there is not one Defendants can think of, where Defendants' proposed language resulted in any issues. The language is even more specific and clear than the model order. | |
| 12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.<br><br>. . . (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The | Plaintiff proposes sticking with the Model Order's language in paragraph 12(c). | 12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.<br><br>. . . (c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The | I adopt the model protective order's language for the reasons articulated by the plaintiff. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as **authorizing or encouraging** a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this **p**aragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case. | Defendants' proposed modifications are confusing, merely stylistic, and unnecessary. | designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as **authorizing** a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this **P**aragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.<br><br>This language has governed in many other cases without incident and Plaintiff's counsel in these other cases has never complained or disputed any designations under this category nor has Plaintiff here provided an example, and there is not one Defendants can think of, where Defendants' proposed language resulted in any issues. The language is specific and clear, and | |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | | "encouraging" is ambiguous and confusing in this context. | |
| Not addressed. | **12(d)   However, the parties may rely on and produce in this case documents that were designated confidential in the following cases: Rivera v. Guevara, No. 12-cv-4428 (N.D. Ill.); Montanez v. Guevara, No. 17-cv-04560 (N.D. Ill.); Bouto v. Guevara, No. 19-cv-02441 (N.D. Ill.); Gomez v. Guevara, No. 18-cv-03335 (N.D. Ill.); Iglesias v. Guevara, No. 19-cv-06508 (N.D. Ill.); Johnson v. Guevara, No. 20-cv-04156 (N.D. Ill.); DeLeon-Reyes v. Guevara, No. 18-cv-01028 (N.D. Ill.); Rodriguez v. Guevara, No. 18-cv-07951 (N.D. Ill.); Sierra v. Guevara, No. 18-cv-03029 (N.D. Ill.);  Maysonet v. Guevara, No. 18-cv-02342 (N.D. Ill.); Solache v. Guevara, No. 18-cv-02312 (N.D. Ill.); Johnson v. Guevara, No. 05-cv-1042** | **12(d)   However, the parties may rely on and produce in this case documents that were designated confidential in the following cases: Rivera v. Guevara, No. 12-cv-4428 (N.D. Ill.); Montanez v. Guevara, No. 17-cv-04560 (N.D. Ill.); Bouto v. Guevara, No. 19-cv-02441 (N.D. Ill.); Gomez v. Guevara, No. 18-cv-03335 (N.D. Ill.); Iglesias v. Guevara, No. 19-cv-06508 (N.D. Ill.); Johnson v. Guevara, No. 20-cv-04156 (N.D. Ill.); DeLeon-Reyes v. Guevara, No. 18-cv-01028 (N.D. Ill.); Rodriguez v. Guevara, No. 18-cv-07951 (N.D. Ill.); Sierra v. Guevara, No. 18-cv-03029 (N.D. Ill.);  Maysonet v. Guevara, No. 18-cv-02342 (N.D. Ill.); Solache v. Guevara, No. 18-cv-02312 (N.D. Ill.); Johnson v. Guevara, No. 05-cv-1042** | I adopt the agreed language. |

| Model Protective Order | Plaintiff's Proposed Language | Defendant's Proposed Language | Ruling |
|---|---|---|---|
| | **(N.D. Ill.); and Serrano v. Guevara, No. 17-cv-2869 (N.D. Ill.). Those documents shall be treated confidential in this case subject to the terms of this protective order.**<br><br>The parties agree on this provision, which enables them to reproduce documents in this case that have been produced as confidential in recent Guevara cases to avoid duplicative productions, reduce unnecessary litigation costs, and streamline the litigation. | **(N.D. Ill.); and Serrano v. Guevara, No. 17-cv-2869 (N.D. Ill.). Those documents shall be treated confidential in this case subject to the terms of this protective order.**<br><br>Agreed. | |